Filed 3/20/13  P. v. Esco CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

**THE PEOPLE,**

    **Plaintiff and Respondent,**              A134357

    **v.**                                **(Contra Costa County**

**FREDDIE BLACK ESCO, SR.,**          **Super. Ct. No. 05-110949-5)**

    **Defendant and Appellant.**

_____/

    A jury convicted appellant Freddie Black Esco, Sr., of attempted second degree robbery (Pen. Code, §§ 211, 664),[1] second degree burglary (§§ 459, 460), and petty theft with a prior theft conviction (§§ 484, 666).  The court sentenced appellant to state prison.

    On appeal, appellant contends:  (1) the court erred by denying his motion to impeach a prosecution witness with preliminary hearing testimony pursuant to Evidence Code section 1235; (2) the court failed to instruct the jury with CALCRIM No. 3519, the instruction used when greater and lesser included offenses are separately charged; and (3) he is entitled to 42 days of additional presentence conduct credits.

    We reverse appellant's petty theft conviction (§ 484, 666) because it is a lesser included offense of attempted robbery (§§ 211, 664).  As modified, we affirm the judgment.

---

**1**   Unless otherwise noted, all further statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

The People charged appellant with second degree robbery (§§ 211, 212.5, subd. (c)) (count one), second degree burglary (§§ 459, 460, subd. (b)) (count two), and petty theft with a prior conviction (§§ 484, 666) (count three). The information also alleged appellant used a deadly and dangerous weapon in the commission of counts one and two (§ 12022, subd. (b)(1)).

On the afternoon of May 17, 2011, Lou Thomas was working as a security officer at a "Smart & Final" store in San Pablo when she saw a man — later identified as appellant — walk through the store. Thomas "kept a close eye" on appellant. He walked down the alcohol aisle, "grab[bed]" a bottle of Jack Daniels, and walked away. When appellant came back to the alcohol aisle, he did not have the bottle in his hand. The sleeves of appellant's puffy jacket were bulging.

Thomas asked appellant to follow her to the office. In response, appellant pulled the bottle of Jack Daniels out of his jacket and set it on one of the shelves. Thomas "grabbed the bottle and . . . asked [appellant] to give [her] everything else he had in his jacket because it was obvious that he had more than just the bottle in his jacket." Appellant said he did not have anything else in his jacket and started walking out the front door. Smart & Final surveillance footage showed appellant taking items from the "deli area" of the store without attempting to pay for the items "tucked" in his jacket.

Thomas followed appellant. A few seconds later, store manager Kevin Lee arrived. As Thomas, Lee, and appellant stood a few feet outside the door, Thomas told appellant she would let him go if he returned the merchandise. Appellant continued to claim he had nothing. Lee also told appellant to give "the items back and he could go on his way." Lee and Thomas spent about 10 to 15 minutes with appellant in front of the store, "trying to delay [until] the cops got there." During that time, Lee asked appellant to return the merchandise, but appellant did not comply.

Lee touched appellant "very gently" about three times and tried to persuade him to return the items by saying, "Come on, man[;] please give us our things back." The touch was not aggressive; it was not a push, but rather a "light tap." At that point, appellant

2

"walked up on" Lee, prompting Lee to put up his forearm because appellant was encroaching on his personal space. Appellant walked into Lee's forearm. Appellant became aggravated and pulled out a pocket knife with a jagged edge and flipped it open.[2] As he pulled out the knife, appellant said, "[i]f you touch me again, I'll use this knife on you." Lee — who was about an arm's length away from appellant — backed away from appellant to "give him some space so that he . . . wouldn't try to do anything funny." Lee did not touch appellant after he pulled out the knife. He "feared [for his] safety" because he thought appellant might stab him. Thomas was afraid for Lee's safety.

Lee asked appellant "one more time" to return the merchandise, but he refused. Appellant continued to claim he did not have any other items from the store and told Lee to "go ahead and call the cops." Lee asked Thomas to call the police and she did. Appellant left. The police stopped appellant near the store and found his jacket, which contained several packages of steak and a bottle of tequila.

The jury convicted appellant of attempted robbery, a lesser included offense to robbery charged in count one, second degree burglary (count two), and petty theft with a prior theft conviction (count three). The jury found not true the allegation appellant used a deadly or dangerous weapon in the commission of the attempted robbery or burglary. At a December 2011 sentencing hearing, the trial court found true the enhancement regarding prior prison terms (§ 667.5, subd. (b)) and imposed a two-year prison sentence. The court stated the petty theft conviction was "a lesser included crime and cannot be sentenced" and the initial abstract of judgment did not list the petty theft conviction. In early January 2012, the court held a resentencing hearing. At that hearing, the court imposed a two-year prison term for the petty theft conviction (count three) and ordered the term stayed pursuant to section 654.

---

[2] Lee did not see appellant open the knife, but Thomas did.

3

DISCUSSION

*The Exclusion of Lee's Preliminary Hearing Testimony Was Not Erroneous*

Appellant contends the court erred by denying his motion to impeach Lee with his preliminary hearing testimony pursuant to Evidence Code section 1235.

On cross-examination, Lee stated, "I believe after [appellant] pulled the knife, I no longer made the request" for him to return the merchandise. Lee, admitted, however, that he was not "100 percent" sure of the sequence of events after appellant pulled out the knife. At some point, Lee told appellant, "All I want is the stuff back. You can give it to me, or you can give it to the police. . . . It's much easier to give it to me." Appellant said, "Go ahead, call the police." Lee testified he was not sure whether this exchange occurred before or after appellant pulled out the knife. Lee explained, "[o]nce the knife was pulled, . . . or once the threat was made, I believe I no longer asked [appellant] again because I told [Thomas] to call the police." In response to additional questioning, Lee stated, "Like I said, I believe after he made the threat, I no longer made the comments of asking him to give me the stuff back. . . . [T]o the best of my knowledge[,] I did not continue to ask him to give me the stuff back."

Lee listened to a recording of his statement to the police. On redirect examination, he stated he wanted to revise his testimony after listening to the recording. He testified, "I guess I did ask [appellant] after the knife was shown whether — gave him the option to return the product again." The court excused Lee subject to recall.

Outside the presence of the jury, defense counsel asked to "read a portion of the preliminary hearing transcript to the jury" where Lee testified appellant pulled out a knife and "proceeded to keep walking towards San Pablo Avenue. I . . . every couple of steps I kept giving him the opportunity to give me the merchandise. He kept refusing. I turned to . . . Thomas and asked her to call the [police]. Didn't phase him. He kept on walking." Defense counsel claimed Lee's preliminary hearing testimony impeached his trial testimony.

The prosecutor objected, claiming "It doesn't impeach anything. It's not inconsistent . . . ." The court agreed with the prosecutor and concluded there was no

4

inconsistency and that bringing Lee back "would take an unusual amount of time."  The court also denied the request pursuant to Evidence Code section 352.  Defense counsel "object[ed] on state and federal due process grounds," claiming it "is valid impeachment. I think I confronted him with the statement."

On appeal, appellant contends the court should have admitted Lee's preliminary hearing testimony "that 'every couple steps' he had offered [appellant] an opportunity to return the merchandise" under Evidence Code section 1235.  Appellant claims this testimony was inconsistent with Lee's trial testimony.

Evidence Code section 1235 provides "[e]vidence of a statement made by a witness is not made inadmissible by the hearsay rule if the statement is inconsistent with his testimony at the hearing and is offered in compliance with [Evidence Code] Section 770."  Evidence Code section 770 in turn provides:  "[u]nless the interests of justice otherwise require, extrinsic evidence of a statement made by a witness that is inconsistent with any part of his testimony at the hearing shall be excluded unless:  [¶] (a) [t]he witness was so examined while testifying as to give him an opportunity to explain or to deny the statement; or [¶] (b) [t]he witness has not been excused from giving further testimony in the action."

Under Evidence Code section 1235, "prior inconsistent statements are admissible to prove their substance as well as to impeach the declarant."  (*People v. Hawthorne* (1992) 4 Cal.4th 43, 55, fn. 4.)  "The 'fundamental requirement' of [Evidence Code] section 1235 is that the statement . . . be *inconsistent* with the witness's trial testimony. [Citation.]"  (*People v. Johnson* (1992) 3 Cal.4th 1183, 1219.)  "The statement must be inconsistent, but the inconsistency may be implied as well as expressed."  (Simons, Cal. Evidence Manual (2013 ed.) § 2:42, p. 127, citing *Fibreboard Paper Products Corp.v. East Bay Union of Machinists* (1964) 227 Cal.App.2d 675, 699.)

Here, Lee's trial testimony was not inconsistent with his preliminary hearing testimony.  At the preliminary hearing, Lee testified he "kept giving [appellant] the opportunity" to return the merchandise after appellant took out the knife.  At trial, Lee testified he "was not 100 percent" sure of the sequence of events after appellant pulled

out the knife. "Generally . . . the testimony of a witness indicating that he . . . does not remember an event is not inconsistent with a prior statement describing the event. [Citation.]" (*People v. Fierro* (1991) 1 Cal.4th 173, 221, disapproved on another point in *People v. Letner and Tobin* (2010) 50 Cal.4th 99, 205-207; *People v. Ledesma* (2006) 39 Cal.4th 641, 711.)

Irrespective of Lee's difficulty remembering the sequence of events after appellant displayed the knife, his trial testimony was not explicitly or impliedly inconsistent with his preliminary hearing testimony. At the preliminary hearing, Lee testified he "kept giving [appellant] the opportunity" to return the merchandise after appellant pulled out the knife. At trial, Lee initially testified he asked appellant "one more time" to return the merchandise after appellant displayed the knife. On cross-examination, Lee said he did not ask appellant to return the stolen goods after appellant brought out the knife but then clarified, "I guess I did ask [appellant] after the knife was shown — gave him the option to return the product again." Lee's preliminary hearing testimony that he gave appellant an "opportunity" to return the stolen goods is not inconsistent with Lee's trial testimony that he asked appellant to return the merchandise after appellant brought out the knife. As a result, the court properly excluded Lee's preliminary hearing testimony because it did not satisfy the requirements of Evidence Code section 1235.

Contrary to appellant's claim, the court did not err by excluding Lee's preliminary hearing testimony pursuant to Evidence Code section 352. Under Evidence Code section 352, "the trial court enjoys broad discretion in assessing whether the probative value of particular evidence is outweighed by concerns of undue prejudice, confusion or consumption of time." (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124.) Here, the court concluded Lee's prior statement was not inconsistent with his trial testimony, and that recalling him would consume an undue amount of time. The court was not — as appellant suggests — required to determine "how long it would take for Lee to return" to the witness stand before concluding that recalling him would consume too much time. Appellant has not demonstrated the court's exclusion of the preliminary hearing testimony was "arbitrary, capricious, or patently absurd." (*Ibid.*)

6

We similarly reject appellant's contention that the exclusion of the preliminary hearing testimony violated his right to confront and cross-examine witnesses under the Sixth and Fourteenth Amendments to the United States Constitution. The court properly concluded Lee's preliminary hearing testimony was not inconsistent with his trial testimony; the court's "proper application of the statutory rules of evidence does not impermissibly infringe upon a defendant's due process rights." [Citations.] (*People v. Ardoin* (2011) 196 Cal.App.4th 102, 119 (*Ardoin*).) Moreover, " ' "[t]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, . . . interrogation that is repetitive or only marginally relevant." [Citations.] . . . ' [Citations.]" (*Ibid.*) " 'In particular, notwithstanding the confrontation clause, a trial court may restrict cross-examination of an adverse witness on the grounds stated in Evidence Code section 352.' [Citation.]" (*Ibid.*)

Assuming for the sake of argument the court erred by excluding Lee's preliminary hearing testimony, any error was harmless "by any applicable standard." (*People v. McKinnon* (2011) 52 Cal.4th 610, 674 [erroneous admission of evidence under Evid. Code, § 1235 was "harmless beyond a reasonable doubt"].) We are not persuaded by appellant's claim that the jury "would have likely acquitted him of the attempted robbery" if it had heard Lee's preliminary hearing testimony. Lee's preliminary hearing testimony did not, as appellant contends, demonstrate appellant used the knife not to retain the property but rather "in response to Lee's repeated unwanted touching." Whether Lee asked appellant to return the merchandise after appellant brought out the knife was immaterial because Lee and Thomas's trial testimony established appellant used fear to retain the property. Lee and Thomas testified Lee "backed away" from appellant after he brought out the knife. Lee testified he did not touch appellant after he pulled out the knife and that he was afraid appellant might stab him. Thomas also testified she was afraid for Lee's safety. Appellant's threat to use the knife caused Lee to back away and allowed appellant to leave with the property.

7

Second, the People were not required to establish appellant used force or fear to obtain a conviction for attempted robbery. "It is true that an element of force or fear must be proved in order to establish a conviction for robbery . . . . It is not necessary, however, for this element to be reflected in the overt act of an attempted robbery if the crime has not progressed to that point." (*People v. Vizcarra* (1980) 110 Cal.App.3d 858, 862 (*Vizcarra*); see also *People v. Lindberg* (2008) 45 Cal.4th 1, 28 [attempted robbery "requires neither the commission of an element of robbery nor the completion of a theft or assault"].) "[T]o establish attempted robbery, the People must prove specific intent to commit robbery and a direct unequivocal overt act toward its commission." (*Vizcarra*, at p. 861.) Here, the evidence established appellant's intent to commit robbery and several overt acts beyond mere preparation: appellant took merchandise from Smart & Final, left the store without paying, and pulled out a knife when confronted by store employees so he could get away with the merchandise. The admission of the preliminary hearing testimony would not have negated any of the elements of proof for attempted robbery. Appellant does not argue otherwise.

We are not persuaded by appellant's claim that the preliminary hearing testimony would have helped the jury evaluate Lee's credibility. Any impeachment derived from the preliminary hearing testimony was minimal because the underlying facts were largely uncontested and because Thomas corroborated Lee's testimony. Appellant stole merchandise from Smart & Final, left the store, and pulled out a knife when confronted by Lee. Lee's preliminary hearing testimony that he "kept giving [appellant] the opportunity" to return the merchandise after appellant brandished the knife would not have impacted Lee's credibility or altered the outcome of the case.

8

*The Court's Failure to Instruct the Jury*
*with CALCRIM No. 3519 Was Harmless Error*

Appellant contends the court "reversibly erred" by failing to instruct the jury with CALCRIM No. 3519.**3** The trial court must instruct the jury with CALCRIM No. 3519 where, as here, "greater and lesser included crimes are separately charged" to inform the jury that it cannot convict the defendant of both the greater and lesser offenses for the same conduct. (*People v. Arevalo-Iraheta* (2011) 193 Cal.App.4th 1574, 1585.)

---

**3**  At the time of appellant's September 2011 trial, CALCRIM No. 3519 provided in relevant part:

"If all of you find that the defendant is not guilty of a greater charged crime, you may find (him/her) guilty of a lesser crime if you are convinced beyond a reasonable doubt that the defendant is guilty of that lesser crime. A defendant may not be convicted of both a greater and lesser crime for the same conduct.

"[Now I will explain to you which charges are affected by this instruction:] . . . .

"[_____ <*insert crime*>, as charged in Count _____, is a lesser crime to _____ <*insert crime*> [as charged in Count _____.]]

"[¶] . . .

"It is up to you to decide the order in which you consider each greater and lesser crime and the relevant evidence, but I can accept a verdict of guilty of the lesser crime only if you have found the defendant not guilty of the greater crime.

"[[For (the/any) count in which a greater and lesser crime is charged,] [Y/y]ou will receive verdict forms of guilty and not guilty for [each/the] greater crime and lesser crime. Follow these directions before you give me any completed and signed, final verdict form. . . .

"1. If all of you agree the People have proved beyond a reasonable doubt that the defendant is guilty of the greater crime, complete and sign the verdict form for guilty of that crime. Do not complete or sign any verdict form for the [corresponding] lesser crime.

"2. If all of you cannot agree whether the People have proved beyond a reasonable doubt that the defendant is guilty of the greater crime, inform me of your disagreement and do not complete or sign any verdict form for that crime or the [corresponding] lesser crime.

"3. If all of you agree the People have not proved beyond a reasonable doubt that the defendant is guilty of the greater crime and also agree the People have proved beyond a reasonable doubt that (he/she) is guilty of the lesser crime, complete and sign the verdict form for not guilty of the greater crime and the verdict form for guilty of the

9

The People concede the court erred by failing to deliver CALCRIM No. 3519. Citing *People v. Crone* (1997) 54 Cal.App.4th 71 and *People v. Watson* (1956) 46 Cal.2d 818, they contend appellant was properly convicted of attempted robbery. We agree. The court instructed the jury it may consider whether appellant was guilty of the lesser included offense of attempted robbery only if it first found him not guilty of robbery. The court also instructed the jury on the People's burden to prove the elements of a crime beyond a reasonable doubt. And, as discussed above, the evidence supporting the attempted robbery conviction was strong: surveillance footage corroborated Thomas's testimony that appellant left Smart & Final without paying for the merchandise, and the police found that merchandise in appellant's jacket. Both Lee and Thomas testified appellant pulled out a knife and threatened to use it. Even if petty theft had been listed as a lesser included offense of robbery, appellant would not have received a different outcome had the court instructed the jury with CALCRIM No. 3519. We reject appellant's claim — unsupported by any authority — that he should have been convicted only of theft because the jury's failure to find true the deadly weapon allegation somehow shows "there was no viable factual theory supporting the attempted robbery conviction." We conclude the court's failure to instruct the jury with CALCRIM No. 3519 was not prejudicial.

As the People appropriately concede, appellant's petty theft conviction in count three must be reversed because it is a lesser included offense of attempted robbery.

---

[corresponding] lesser crime. Do not complete or sign any other verdict forms [for those charges].

"4. If all of you agree the People have not proved beyond a reasonable doubt that the defendant is guilty of the greater or lesser crime, complete and sign the verdict form for not guilty of the greater crime and the verdict form for not guilty of the [corresponding] lesser crime.

"5. If all of you agree the People have not proved beyond a reasonable doubt that the defendant is guilty of the greater crime, but all of you cannot agree on a verdict for the lesser crime, complete and sign the verdict form for not guilty of the greater crime and inform me about your disagreement on the lesser crime.]

"[¶] . . ."

(*People v. Villa* (2007) 157 Cal.App.4th 1429, 1434; *People v. Medina* (2007) 41 Cal.4th 685, 700-701 [defendant cannot be convicted of greater and lesser included offenses; staying punishment for lesser offense is not a sufficient remedy].)  Accordingly, we instruct the court to dismiss appellant's conviction for petty theft in count three.

*Appellant Is Not Entitled to Additional Presentence Conduct Credits*

Appellant's final contention is he is entitled to 42 additional days of presentence conduct credits under *People v. Olague* (2012) 205 Cal.App.4th 1126, review granted August 8, 2012, S203298 (*Olague*), which retroactively applied sections 2933 and 4019 and provided for two days of presentence conduct credit for every two days served in custody.[4]  Appellant's claim fails for two reasons.  First, the California Supreme Court has granted review in *Olague* and, as a result, it is no longer authority for appellant's claim.  Second, the amendments to section 4019 that became operative October 1, 2011, apply only to eligible prisoners whose crimes were committed on or after that date.  (*People v. Ellis* (2012) 207 Cal.App.4th 1546, 1548 (*Ellis*); see also § 4019, subd. (h) ["changes to this section enacted by the act[5] that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011.  Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."].)  Appellant committed the crimes in May 2011.  Section 4019, by its

---

**4**    Before January 25, 2010, a prisoner could earn a maximum of two days of local conduct credit for every four days spent in custody.  (*People v. Brown* (2012) 54 Cal.4th 314, p. 318, fn. 4; § 4019, subd. (f), as amended by Stats. 1982, ch. 1234, § 7, p. 4553 (former section 4019).)  Effective January 25, 2010, amendments to former section 4019 doubled the maximum rate to two days of presentence conduct credit for every two days spent in local custody.  (*People v. Lara* (2012) 54 Cal.4th 896, 899; *Brown, supra,* 54 Cal.4th at p. 318; Stats. 2009 (3d Ex. Sess. 2009-2010) ch. 28, § 50.)  However, certain defendants, including those who, like appellant, had suffered a prior conviction for a serious or violent felony as defined in sections 667.5 and 1192.7, were ineligible for the accelerated rate and continued to accrue credits at the previously applicable rate.  (*Brown,* at pp. 318-319, fn. 5; former § 4019, subds. (b) & (c).)

**5**    Statutes 2011, chapter 15, section 482, effective April 4, 2011, operative October 1, 2011.

11

express terms, does not apply to appellant because his crime was committed before October 1, 2011. (§ 4019, subd. (h); *Ellis, supra,* 207 Cal.App.4th at p. 1553.)

Accordingly, appellant is not entitled to retroactive application of section 4019 and is not entitled to additional credits. (See *Brown, supra,* 54 Cal.4th at pp. 322-323, fn. 11 [2011 amendments to section 4019 did not assist the defendant whose crime was committed in 2006 because the statute expressly applied prospectively to prisoners who committed their crimes on or after October 1, 2011]; *Lara, supra,* 54 Cal.4th at p. 906, fn. 9 [favorable change in section 4019 did not benefit the defendant "because it expressly applies only to prisoners who are confined . . . '*for a crime committed on or after October 1, 2011*' "].)

## DISPOSITION

The conviction for petty theft with a prior theft conviction (§§ 484, 666) in count three, as a lesser included offense of attempted second degree robbery in count one, is reversed. The trial court is directed to issue an amended abstract of judgment reflecting the dismissal of count three. The court is further directed to provide a copy of the amended abstract of judgment to the parties and to the California Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

_____
Jones, P.J.

We concur:

_____
Simons, J.

_____
Needham, J.

12