[No. E017326. Fourth Dist., Div. Two. Apr. 8, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD LEE CRONE, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II, IV, V and VI.

**COUNSEL**

Brett Harding Duxbury, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, M. Howard Wayne and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RICHLI, J.**—Defendant Richard Lee Crone (defendant) was charged, in the alternative, with possession of methamphetamine for sale (Health & Saf. Code, § 11378), and simple possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). A jury found him guilty of possession of methamphetamine for sale. He was placed on three years' probation, on conditions including one hundred twenty days in jail to be served on weekends.

Defendant appeals, contending the trial court erred by:

1. Failing to instruct on the effect of reasonable doubt in choosing between the greater and the lesser offense.

2. Giving an erroneous instruction on the relationship between the jury's verdicts on the greater and the lesser offense (CALJIC No. 17.03 (1990 rev.)).

3. Failing to instruct that access alone is insufficient to prove possession.

4. Giving an erroneous instruction on "reasonable doubt" (CALJIC No. 2.90 (1994 rev.)).

In addition, defendant claims prosecutorial misconduct.

We agree that the trial court should have instructed on the significance of reasonable doubt on the choice between the greater and lesser offense (contention No. 2), but we find the error harmless. Otherwise, we find no error, and we will affirm.

I

FACTUAL BACKGROUND

A. *The Prosecution's Case.*

Around midnight on April 18, 1995, San Bernardino Police Officer Henry Birkes, responding to a 911 call, went to a store called "Lotta Beds." As he approached, he saw defendant and a woman later identified as Carla Booth. They were standing behind the trunk of a parked car, so he could see them only from the waist up. A third person was inside the car. There was a pickup truck parked 10 or 12 feet behind the car.

Officer Birkes shone a flashlight onto the group. He noticed a round, "fluorescent orange" object in defendant's hand. He did not see anything in Ms. Booth's hands.

Officer Birkes said, "Police. Let me see your hands." Ms. Booth raised her hands, but defendant froze, then lowered his hands until they were out of Officer Birkes's sight. Officer Birkes heard something hit the ground. "It sounded like plastic . . . . It had like no weight to it, just a small tap on the ground." Again, he ordered defendant to raise his hands. This time, defendant complied; his hands were empty. The person in the car put his hands up on the steering wheel. The pickup truck, however, started up and sped away.

Officer Birkes looked on the ground near where defendant had been standing. Under the trunk of the car, near the rear axle, he found a fluorescent orange plastic "Easter-type" egg, eight to ten inches around. Inside it, he found a baggie containing what turned out to be 11.49 grams of methamphetamine. Officer Birkes (who was new on the force) booked the baggie and its contents into evidence, but threw the egg away.

B. *The Defense Case.*

Defendant testified in his own behalf. As of April 18, 1995, he was working at Lotta Beds, and dating Ms. Booth. After work, he called and asked her for a ride home. He lived only seven blocks away, but, he explained: "I've walked it too many times and I don't like to do it much." While waiting for her, he sat out front in a car with "[t]his guy named Steve," who had helped him move mattresses earlier that day; he did not know Steve's last name. Defendant was cleaning his fingernails with a pocket knife.

When Ms. Booth arrived, defendant, with the open pocket knife still in his hand, gave her a hug. Then Officer Birkes arrived and ordered him to raise

his hands. Defendant did not want Officer Birkes to see the knife, so he lowered his hands, closed the knife, then raised his hands. After patting him down, Officer Birkes gave his wallet, two packs of cigarettes, a beeper and the pocket knife to Ms. Booth. Defendant denied holding the plastic egg. He claimed the first time he saw it was when Officer Birkes found it.

Ms. Booth confirmed that she was dating defendant, and that he had called her and asked for a ride home. She did not have a car or a driver's license, but her mother did. An acquaintance named Chip gave her a ride in his truck. She did not know Chip's last name. When they arrived, defendant was in a car, talking to someone. He got out and hugged her. He was holding a pocket knife; she never saw him holding the egg. She did not hear anything fall. She, too, testified that the police gave her defendant's personal items, including the beeper and the pocket knife.

## II

## PROSECUTORIAL MISCONDUCT IN CLOSING ARGUMENT*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III

## FAILURE TO INSTRUCT ON REASONABLE DOUBT AS BETWEEN A GREATER AND A LESSER OFFENSE

■ Defendant contends the trial court erred in failing to instruct that if the jury had a reasonable doubt as to whether defendant was guilty of the greater or the lesser offense, it could convict him only of the lesser offense.

Defendant relies primarily on *People* v. *Dewberry* (1959) 51 Cal.2d 548 [334 P.2d 852]. There, the jury was instructed that: (1) if it had a reasonable doubt as to the defendant's guilt, he was to be acquitted; (2) if it had a reasonable doubt as to whether the defendant was guilty of first degree or second degree murder, it could convict him only of second degree murder; and (3) if it had a reasonable doubt as to whether the killing was manslaughter or justifiable homicide, the defendant was to be acquitted. (*Id.*, at p. 554.) The trial court refused the defendant's request for the additional instruction that if the jury had a reasonable doubt as to whether defendant was guilty of murder or manslaughter, it could convict him only of manslaughter. (*Ibid.*)

The Supreme Court held that this was error: "[W]hen the evidence is sufficient to support a finding of guilt of both the offense charged and a

---

*See footnote, *ante,* page 71.

lesser included offense, the jury must be instructed that if they entertain a reasonable doubt as to which offense has been committed, they must find the defendant guilty only of the lesser offense." (51 Cal.2d at p. 555.) "The proposed instruction should have been given. It went directly to the defense of reasonable doubt of defendant's guilt of second degree murder; it was clearly responsive to an issue raised by the evidence [citations]; and it was essential to cure the misleading effect of its absence in the light of the other instructions given." (*Id.*, at pp. 557-558.) "The failure of the trial court to instruct on the effect of a reasonable doubt as between any of the included offenses, when it had instructed as to the effect of such doubt as between the two highest offenses, and as between the lowest offense and justifiable homicide, left the instructions with the clearly erroneous implication that the rule requiring a finding of guilt of the lesser offense applied only as between first and second degree murder." (*Id.*, at p. 557.)

It has since been held that in any case involving a lesser included offense, the trial court has a duty to give a *Dewberry* instruction sua sponte. (*People* v. *Reeves* (1981) 123 Cal.App.3d 65, 69 [176 Cal.Rptr. 182], disapproved on other grounds in *People* v. *Sumstine* (1984) 36 Cal.3d 909, 919, fn. 6 [206 Cal.Rptr. 707, 687 P.2d 904]; *People* v. *Aikin* (1971) 19 Cal.App.3d 685, 703-705 [97 Cal.Rptr. 251], disapproved on other grounds in *People* v. *Lines* (1975) 13 Cal.3d 500, 512-514 [119 Cal.Rptr. 225, 531 P.2d 793].)

When the defendant is charged with a greater offense which has one or more *uncharged* lesser included offenses, the trial court ordinarily will give CALJIC No. 17.10, which satisfies the requirement of *Dewberry*.[1] (*People* v. *Gonzalez* (1983) 141 Cal.App.3d 786, 793-794 [190 Cal.Rptr. 554], disapproved on other grounds in *People* v. *Kurtzman* (1988) 46 Cal.3d 322, 330 [250 Cal.Rptr. 244, 758 P.2d 572]; *People* v. *St. Germain* (1982) 138 Cal.App.3d 507, 520-522 [187 Cal.Rptr. 915]; contra, *People* v. *Reeves*, *supra*, 123 Cal.App.3d at pp. 69-70.) When, however, the defendant is charged with *both* a greater offense and a lesser included offense, the wording of CALJIC No. 17.10 is inappropriate. Accordingly, here the trial court gave CALJIC No. 17.03 instead.[2]

Defendant argues that CALJIC No. 17.03 fails to satisfy the requirement of *Dewberry*. We agree. Nothing in CALJIC No. 17.03 tells the jury what to

---

[1]The pertinent portion of CALJIC No. 17.10 (1989 rev.) states: "If you are not satisfied beyond a reasonable doubt that the defendant is guilty of the crime charged, you may nevertheless convict [him] [her] of any lesser crime, if you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime."

[2]CALJIC No. 17.03 (1990 rev.), as given here, states: "The defendant, then, is charged in Count 1 with this crime of possession for sale of methamphetamine, and Count 2, charged with the crime of straight possession of methamphetamine. These charges, then, are made in the alternative and in effect allege the defendant committed an act or acts that constitute either

do if it has a reasonable doubt as to whether the defendant committed the greater or a lesser offense.

Moreover, it does not appear that the omission was cured by any other instructions. The jury was instructed on reasonable doubt as follows:

(1) "A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of reasonable doubt whether his guilt is satisfactorily shown, he is entitled to a verdict of not guilty. This presumption places upon the People the burden of proving him guilty beyond a reasonable doubt." (CALJIC No. 2.90 (1994 rev.).)

(2) "[A] finding of guilt as to any crime may not be based on circumstantial evidence unless the proved circumstances are not only consistent with the theory that the defendant was guilty of the crime, but cannot be reconciled with any other rational conclusion.

"Further, each fact which is essential to complete that set of facts necessary to establish the defendant's guilt must be proved beyond a reasonable doubt.

"In other words, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance upon which that inference necessarily rests must be proved beyond a reasonable doubt.

"Also, if that indirect evidence is open to two interpretations, both of which are reasonable, one of which points to the defendant's guilt and the other to his innocence, you must adopt that interpretation which points to his innocence, and reject that which points to his guilt." (CALJIC No. 2.01 (5th ed. 1988) [modified].)

The first of these instructions was also given in *Dewberry*. (*People v. Dewberry, supra,* 51 Cal.2d at p. 554.) It addresses the effect of reasonable doubt on the choice between conviction and acquittal, but not on the choice between a greater and a lesser included offense. The second instruction similarly addresses the effect of reasonable doubt solely on the choice

---

the crime of possession for sale of a controlled substance or possession of a controlled substance.

"If you find that the defendant committed an act or acts constituting one of these charged crimes, then you must determine which of such crimes so charged was thereby committed. In order to find the defendant guilty, you must all agree as to the particular crime committed. If you find the defendant guilty of one, you must find him not guilty of the other."

between "guilt" and "innocence."[3] We conclude that the instructions here failed to satisfy the requirement of *Dewberry*.

Admittedly in *Dewberry*, the court reasoned, in part, that the failure to instruct on the effect of reasonable doubt on the choice between a greater and lesser offense was particularly misleading where the jury *was* instructed on the effect of reasonable doubt on the choice between two degrees of a crime. The court, however, discussed the additional instruction in the context of whether the error was prejudicial. (51 Cal.2d at pp. 557-558.) The rule the court stated was not limited to this situation. (*Id.*, at p. 555.) Later cases have followed *Dewberry* without regard to whether such an additional instruction was given. (*People* v. *Reeves*, *supra*, 123 Cal.App.3d at p. 69; *People* v. *Aikin*, *supra*, 19 Cal.App.3d at pp. 703-705.)

The People argue that a *Dewberry* instruction is not required where both the greater and lesser offenses are charged. Although *Dewberry* involved a charged greater offense and an uncharged lesser included offense (see *People* v. *Dewberry*, *supra*, 51 Cal.2d at p. 554), its reasoning did not turn on this happenstance, and the People suggest no reason why it should.

■ As defendant concedes, the test of whether the error was prejudicial is that of *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]: whether it is reasonably probable that, in the absence of the error, the result would have been more favorable to the defendant. (*People* v. *Dewberry*, *supra*, 51 Cal.2d at p. 558; *People* v. *Reeves*, *supra*, 123 Cal.App.3d at p. 70.) Here, the evidence of specific intent to sell was uncontradicted. The methamphetamine weighed 11.49 grams. Officer Renato Giannini, testifying as an expert, opined that a person with this much methamphetamine is in the business of selling it. He noted that a typical street purchase would be 0.25 grams.[4] Defendant therefore never seriously disputed that the methamphetamine was possessed for sale; his defense was that he did not possess the methamphetamine at all. We conclude that, even if the jury had been instructed on the effect of reasonable doubt in choosing between a greater and a lesser offense, it is not reasonably probable that it would have convicted defendant of the lesser offense of simple possession.

Attempting to show prejudice, defendant notes that during the jury's deliberations, it asked the trial court: "If possible[,] [n]eed to know how

---

[3]In giving the instructions orally, the trial court omitted the following italicized portion of the written instruction: "[I]f the circumstantial evidence *as to any particular count* is susceptible of two reasonable interpretations . . . you must adopt that interpretation which points to the defendant's innocence, and reject that interpretation which points to his guilt." (CALJIC No. 2.01 (5th ed. 1988), italics added.) We express no opinion on whether the instruction would have been adequate if the trial court had given the italicized portion.

[4]Defense counsel did not even cross-examine Officer Giannini.

much the street value of ¼ grams of meth." The trial court responded: "[The] matter is not in evidence." After just one minute of further deliberations, the jury reached its verdict finding defendant guilty of possession for sale.

Defendant infers that "until the court responded to the question, at least one juror nurtured some doubt that [defendant] intended to sell the methamphetamine." (Italics omitted.) If this were so, however, the trial court's nonanswer would hardly have dispelled this doubt. We believe the only reasonable conclusion is that the jurors were convinced beyond a reasonable doubt, based on the evidence presented, that the possession was for the purpose of sale. One or more of them may have speculated that additional evidence of the street value of the methamphetamine could have raised a reasonable doubt; however, no such evidence was presented, and hence no such doubt was actually raised.

In sum, the trial court erred by failing to instruct on the effect of reasonable doubt on the choice between the greater and the lesser offense, but the error was not prejudicial.

## IV-VI*

. . . . . . . . . . . . . . . . . . . . . . . .

## VII

### DISPOSITION

The judgment is affirmed.

Ramirez, P. J., and Hollenhorst, J., concurred.

---

*See footnote, *ante*, page 71.