Filed 11/26/14  P. v. Aleto CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048815 |
| v. | (Super. Ct. No. 11HF2725) |
| ERIC GATEANO ALETO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Dan McNerney.  Affirmed.

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

A jury convicted defendant Eric Gateano Aleto of sexual intercourse with a child 10 years of age or younger (Pen. Code, § 288.7 (a); all statutory references are to the Penal Code), committing a forcible lewd act on a child under the age of 14 (§ 288.7 (b)(1)), engaging in sodomy with a child 10 years of age or younger (§ 288.7 (a)), four counts of engaging in oral copulation with a child 10 years of age or younger (§ 288.7 (b)), and two counts of committing a lewd act on a child under the age of 14 (§ 288 (a)). Aleto contends the trial court prejudicially erred by failing to instruct the jury that if it entertained a reasonable doubt on whether he committed the charged or lesser included offenses, it should give him the benefit of the doubt and convict him only on the lesser included offenses. Finding no basis to reverse the judgment, we affirm.

I

FACTS AND PROCEDURAL BACKGROUND

Savannah (born in November 1997) testified Aleto, her maternal uncle (born in March 1967), sexually abused her almost daily for several years beginning when she was around eight or nine years old. Given the sole legal issue on appeal, we need not detail the abuse, which Savannah graphically described at trial. A videotape, created by Aleto, corroborated one of the incidents. Suffice it to say, the evidence supported the jury's convictions, noted above.

In August 2013, the trial court imposed a 25-years-to-life term for sexual intercourse with a child 10 years of age or younger (count 1), a consecutive 25-years-to-life term for sodomy with a child 10 years of age or younger (count 3), and a consecutive six-year midterm for forcible child molestation (count 2), for a total indeterminate term of 56 years to life. The court imposed concurrent terms on the other counts.

2

II

DISCUSSION

*Trial Court Did Not Err by Failing to Instruct the Jury to Give Aleto the Benefit of the Doubt on the Lesser Included Offenses of Attempting to Commit the Charged Crimes of Sexual Intercourse and Sodomy*

Aleto contends the trial court prejudicially erred when it failed to instruct the jury sua sponte that if it entertained a reasonable as doubt whether Aleto committed sexual intercourse (count 1) or sodomy (count 3) with a child 10 years of age or younger, or the lesser included offenses of attempting to commit these crimes, it should give Aleto the benefit of the doubt and find him guilty of the lesser offenses.

In *People v. Dewberry* (1959) 51 Cal.2d 548 (*Dewberry*), the court held "when the evidence is sufficient to support a finding of guilt of both the offense charged and a lesser included offense, the jury must be instructed that if they entertain a reasonable doubt as to which offense has been committed, they must find the defendant guilty only of the lesser offense." (*Id.* at p. 555.) In *Dewberry*, the trial court instructed on murder and manslaughter, explained the two degrees of murder, and told jurors if they entertained a reasonable doubt as to the degree of murder they should give defendant the benefit of the doubt and find him guilty of second degree murder. The court also instructed that if jurors were in doubt as to whether the killing was manslaughter or justifiable homicide, defendant was to be acquitted. But the court did not instruct the jury it should find the defendant guilty of manslaughter if it had a reasonable doubt between second degree murder and manslaughter. This gave the jury the impression the rule requiring a finding of guilt of the lesser offense applied only as between degrees of murder.

3

The trial court has a duty to give a *Dewberry* instruction sua sponte in any case involving a lesser included offense. (*People v. Crone* (1997) 54 Cal.App.4th 71, 76 (*Crone*) [trial court must instruct the jury on general principles of law relevant to the issues raised by the evidence in criminal cases even in the absence of a request].) Cases applying *Dewberry* have found the duty satisfied where the court gives the pattern instruction on reasonable doubt (CALCRIM No. 220) and CALJIC No. 17.10. (*People v. Gonzalez* (1983) 141 Cal.App.3d 786, 793-794, disapproved on other grounds in *People v. Kurtzman* (1988) 46 Cal.3d 322, 330; *People v. St. Germain* (1982) 138 Cal.App.3d 507, 520-522; see *People v. Friend* (2009) 47 Cal.4th 1, 55-56.) CALJIC 17.10 provides in relevant part: "If you are not satisfied beyond a reasonable doubt that the defendant is guilty of the crime charged, you may nevertheless convict [him][her] of any lesser crime, if you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime."

Here, the court gave CALCRIM No. 3517: "Now, you've heard me make reference to what are called lesser includ[ed] crimes or lesser included offenses. I want to discuss that with you now and tell you how you are to approach those as jurors. If you all find a defendant is not guilty of a greater charged crime, you may find him guilty of a lesser crime if you are convinced beyond a reasonable doubt that he is guilty of a lesser crime. A defendant may not be convicted of both a greater and lesser crime for the same conduct." The court instructed the charges affected by the instruction included counts 1 and 3. The court advised it was up to the jury to decide the order in which it considered any crime and the relevant evidence, but the court could accept a guilty verdict on a lesser crime only if the jury found the defendant not guilty of the corresponding greater crime. Finally, the court instructed, "If you all agree the People have not proved beyond

4

a reasonable doubt the defendant is guilty of the greater crime, and you also agree the People have proved that he is guilty of the lesser crime, do two things, circle 'not guilty' for the greater crime, and circle 'guilty' for the lesser crime. You must not circle anything for the lesser crime unless you have circled not guilty for the greater crime. If you all agree the People have not proved beyond a reasonable doubt the defendant is guilty of either the greater or the lesser crime circle 'not guilty' for both."

Aleto argues CALCRIM No. 3517 advised jurors an attempt was a lesser included offense of the charged crimes and explained how to fill out verdict forms but did not "explain the effects of reasonable doubt on the choice between the greater and lesser included offenses." We disagree. Like CALJIC No. 17.10, CALCRIM No. 3517, along with CALCRIM No. 220, which the court also gave in this case, adequately described the effects of reasonable doubt on the choice between the greater and lesser included offenses. The instructions informed the jury it could not find Aleto guilty of a greater crime unless all the jurors agreed he was guilty of the greater crime beyond a reasonable doubt. Together the two instructions did not permit the jury to find defendant guilty of the greater offense where it had a reasonable doubt about elements of the greater offense. The trial court satisfied *Dewberry*'s requirements. (See *People v. Barajas* (2004) 120 Cal.App.4th 787, 793 [CALJIC No. 17.10 satisfies the requirements of *Dewberry* because if a jury is convinced beyond a reasonable doubt that a defendant is guilty of either a greater or a lesser offense, this can only be because it has a reasonable doubt about elements of the greater offense and no reasonable doubt about any elements of the lesser].)

Aleto's reliance on *Crone*, *supra*, 54 Cal.App.4th 71, is misplaced. There, the trial court did not provide CALJIC No. 17.10, and no other instruction informed the

jury that if they entertained a reasonable doubt between the greater offense (possession of methamphetamine for sale) and the lesser included offense (possession of methamphetamine), they had to find the defendant guilty only of the lesser offense.  (*Id.* at pp. 75-79.)  As we have explained, CALCRIM No. 3517 and CALCRIM No. 220 satisfied the court's obligation under *Dewberry* .

### III

### DISPOSITION

The judgment is affirmed.


ARONSON, J.

WE CONCUR:


MOORE, ACTING P. J.


FYBEL, J.


6